E. W. REYNOLDS et al., Appellees, v. LUDWIG JOHNSON, Appellant.

**LIMITATION OF ACTIONS:** Unilateral Contracts—Deed Assuming
1    **Payment of Mortgage.** Action on the covenant in a deed binding the grantee to pay an existing mortgage is not barred until the lapse of ten years, even though grantee's original mutual written contract to pay the mortgage is deemed merged in the deed, and even though the deed is unilateral because the grantee never accepted the deed in *writing.*

**LIMITATION OF ACTIONS:** Accelerating Clauses—Accepting Belated
2    **Payment of Interest—Effect.** Principle suggested that a clause whereunder the maturity of an obligation is accelerated by the nonpayment of interest, whether unconditional or optional, is for the benefit of the holder of the obligation; and that, by accepting the interest after due, the holder waives the accelerated maturity, and the statute of limitation does not then commence to run.

**Headnote 1:**    27 Cyc. p. 1345.    **Headnote 2:**    37 C. J. p. 757; 27 Cyc. p. 1523.

*Appeal from Pocahontas District Court.*—D. F. COYLE, Judge.

APRIL 7, 1925.

ACTION to recover the amount due on a promissory note secured by mortgage upon real estate, the payment of which the defendant assumed in the contract of purchase, and also by the terms of the deed subsequently executed to him. Verdict by direction of the court in favor of plaintiffs for the amount claimed. The defendant appeals.—*Affirmed.*

*Hudson & Hudson,* for appellant.

*Gilchrist & Gilchrist,* for appellees.

STEVENS, J.—The facts are not in dispute in this case. Briefly, they are as follows: On January 10, 1916, appellant entered into a contract in writing with one McCreary, for the

1. LIMITATION OF ACTIONS: unilateral contracts: deed assuming payment of mortgage.

purchase of the northwest quarter of Section 24—116—33, subject to two mortgages amounting to $5,110, which he agreed to assume and pay, as a part of the purchase price. On January 14, 1916, McCreary and his brother, both single, conveyed the above described premises to appellant by warranty deed, which recited:

"That they [the premises] are free from incumbrance except a first mortgage for $3,800.00 and a second mortgage for $1,310.63, which grantee assumes and agrees to pay, with interest on same from Mar. 1, 1915."

The note for $1,310.63, which is the amount in controversy, provided that:

"If any of the principal or interest not be paid when due it shall bear interest at 8 per cent per annum payable annually and a failure to pay any of the interest within ten days after due shall cause the whole note to become due and collectible at once."

The mortgage executed upon the land to secure the payment of this note contained a similar provision, which also included taxes and assessments against the land and other terms and conditions, the failure to observe which would cause the indebtedness to become due, and would authorize the foreclosure of the mortgage. The petition sets up the above provisions of the contract and deeds, and asks judgment against appellant for the amount due on the note.

The defense pleaded and relied upon by appellant is the statute of limitations. The theory upon which this issue is tendered by appellant is that the contract of purchase was merged in the deed, and the appellant did not sign or accept the same in writing; that, therefore, the contract is oral, and any action thereon must be commenced within five years after the maturity of the note, which occurred by the failure of the maker or appellant to pay the interest within ten days after August 5, 1917, when it became due. The interest was paid some weeks later. This action was commenced August 14, 1923, which was more than five years after August 15, 1917. The plea of the statute of limitations presents the only question for decision. There is some conflict of authority as to when the statute of limitations commences to run on a note containing an unconditional provision for the maturity thereof upon the failure of the maker to pay the interest when due. The Kansas and Kentucky courts hold that, where the provision is unconditional, the statute commences to run upon the failure to pay interest according to the terms of the instrument. *Miles v. Hamilton,* 106 Kans. 804 (189 Pac. 926) ; *San Antonio Real Estate B. & L. Assn. v. Stewart,* 94 Tex. 441 (61 S. W. 386).

The general rule, however, appears to be that the acceleration clause, whether unconditional or optional, is for the benefit of the holder of the note, and that, by accepting the interest after due, he waives the maturity of the note, and the statute does not then commence to run. *Smalley v. Renken,* 85 Iowa 612; *Fant v. Thomas,* 131 *Va.* 38 (108 S. E. 847). But the authorities, as stated, are not in harmony on this point. It is not, however, necessary at this time to further discuss, or to decide, this question, as we are of the opinion that the contract was in writing, and that the action thereon is not barred in five years. The written contract for the purchase of the farm was signed by appellant. The assumption clause therein contained became merged in the deed, as a personal covenant binding upon appellant. *Liljedahl v. Glassgow,* 190 Iowa 827 ; *Clement v. Willett,* 105 Minn. 267 (117 N. W. 491) ; *Scholten v. Barber,* 217 Ill. 148 (75 N. E. 460).

Actions against the grantor for the breach of the general

2. LIMITATION OF ACTIONS: accelerating clauses: accepting belated payment of interest: effect.

covenants of a deed are barred in ten years. The obligation arising out of the written contract was not, by the execution of the deed, transformed into an obligation resting solely in parol, nor did it necessarily merge all its terms in the deed. *Huxford v. Trustees*, 193 Iowa 134. The deed expressed the mutual obligation of the parties; and, although not signed by the grantee nor accepted in writing by him, it was, nevertheless, a contract writing, unilateral in form. *McDermott v. Mahoney*, 139 Iowa 292.

It is our conclusion, therefore, that the action of appellees was not, at the time of the trial, barred by the statute of limitations, and that the court properly directed a verdict in plaintiffs' favor.—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.