## Wytheville

COUNTRY CLUB OF PORTSMOUTH, INC. V. E. P. WILKINS.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*Tom E. Gilman* and *Lawrence W. I'Anson,* for the plaintiff in error.

*R. C. Barclay,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

We are to determine when the statute of limitations begins to run on a note whose maturity is accelerated by reason of the non-payment of an installment thereof, where the note itself by its terms in such contingency becomes at once due and payable.

Wilkins purchased a share of stock in the plaintiff corporation and for it gave this promise to pay:

"$250.00      PORTSMOUTH, VA., FEBRUARY 1, 1928.

"ON APRIL 1, 1932, FOR VALUE RECEIVED, I PROMISE TO PAY TO BEARER, OR ORDER, WITHOUT OFFSET AND IN ACCORDANCE WITH TERMS EXPRESSED HEREIN, TWO HUNDRED AND FIFTY DOLLARS, WITH INTEREST AT THE RATE OF 6% PER ANNUM.

"PAYABLE AT THE MERCHANTS AND FARMERS BANK, PORTSMOUTH, VA.

"This note is payable at the rate of Ten Dollars ($10.00) and interest every two months from the date hereof, and upon the first day of the month, except when the first day of the month falls upon Saturday, Sunday or upon a legal holiday, then the payment shall be due on the following Monday or business day. Notice to the maker of maturing payments is hereby waived. In the event that two of the said payments shall be due and unpaid at the same time, and then, if not paid within thirty days of the due date of the last of the said two overdue payments, the balance in full of the face amount of this note, together with accrued interest, shall immediately become due and payable, and without notice, the holder may proceed

legally to collect the said balance, together with any court costs, attorney's fees and other expense incident thereto.

"We, the maker and endorser of this note, hereby waive the benefits of the Homestead Exemption as to this debt, and also waive presentment, demand, protest and notice of the same. The maker shall have the right to pay any balance of this note, together with accrued interest any time he may so desire.

"Removal of coupons hereto attached, shall be sufficient evidence that said payments as represented by the missing coupons have been made.

"E. P. WILKINS,<br>"Address 412 6th Ave."

$10 coupons are attached.

This note is held by the Club to which it was given. No dividends have been declared and no payments made. The first payment was due on April 1, 1928, and the second on June 1, 1928. "Thirty days from the due date of the last of the said two overdue payments" this note on its face "immediately became due and payable without notice"—that is to say, it became due on July 1, 1928, according to its terms. This action was begun by warrant returnable before the civil and police justice of the city of Portsmouth on the 12th day of September, 1934. Judgment was entered for the plaintiff and appeal noted. It came on to be heard in the Hustings Court of the city of Portsmouth, where it was submitted for decision without the intervention of a jury. There was a plea of the statute of limitations. It was sustained by an order of February 15, 1935, the court being of opinion that it was due and payable more than five years before action was brought thereon. That judgment is now before us on a writ of error.

There are cases which hold that these contracts of acceleration are for the benefit of the creditors and merely confer upon them the right at their option to treat the debt as due. *Putthoff* v. *Walker*, 213 Mo. App. 228, 248

S. W. 619; *White* v. *Hatcher,* 135 Tenn. 609, 188 S. W. 61; *Keene Five Cent Saving Bank* v. *Reid* (C. C. A.), 123 Fed. 221, certiorari denied 191 U. S. 567, 24 S. Ct. 841, 48 L. Ed. 305; *Walter* v. *Kilpatrick,* 191 N. C. 458, 132 S. E. 148. See also, 42 Harvard Law Review, p. 747.

On the other hand it is said:

"A provision in notes accelerating maturity on non-payment of interest, installments, or other default may be absolute in form and leave no option to either party; * * *." 8 C. J., p. 417.

"If a contract provides that on default in the payment of one of several notes the remaining unpaid notes shall become due, according to the weight of authority the stipulation has the effect of fixing a contingency upon the happening of which the debt is to mature at a time earlier than the dates given in the notes for their maturity, and the statute of limitations begins to run against the entire debt upon such default." 17 R. C. L., p. 771.

To the same effect are *Gilford* v. *Green,* 33 Ga. App. 1, 125 S. E. 80; *Cedar Rapids Nat. Bank* v. *Snoozy* (Aug. 18, 1927), 55 N. D. 655, 215 N. W. 96; *Christian Community of Universal Brotherhood* v. *Graf,* 137 Or. 638, 1 P. (2d) 596. See also, note, 34 A. L. R. 898, where the authorities are collected.

██ Much is sometimes said about intention. Where parties reduce their contract to writing that intention should there appear, and if it does our inquiry should be at an end. There is then no room for construction, for construction lies within the domain of ambiguity.

██ This note tells us that upon the happening of a certain contingency it "shall immediately become due and payable." We are asked to add to this plain promise an independent and important provision, namely, "at the election of the holder." Even in wills this intention cannot override a purpose plainly expressed, and in contracts to give it force it must reach the dignity of a mutual mistake. No court would hold that a promise to pay in

six months was intended as a promise to pay in twelve months.

We have had occasion to deal with this subject. In *Nickels* v. *People's Building, L. & S. Ass'n,* 93 Va. 380, 25 S. E. 8, 10, the court, speaking through Keith, P., said:

"A provision in a contract, not that the amount of the debt shall be increased, but that in a specified event the time for the payment of a certain sum due shall be accelerated, does not create a penalty or forfeiture against which a court of equity will relieve. 'It is settled, therefore, by the overwhelming weight of authority, that if a certain sum is due and secured by a bond, or bond and mortgage, or other form of obligation, and is made payable at some future day specified, with interest thereon made payable during the interval at fixed times annually, or semi-annually, or monthly, and a further stipulation provides that in case default should occur in the prompt payment of any such portion of interest at the time agreed upon, then the entire principal sum of the debt should at once become payable, and payment thereof could be enforced by the creditor, such a stipulation is not in the nature of a penalty, but will be sustained in equity as well as at law.' 1 Pom. Eq. Jur., section 439. We think, therefore, that this assignment of error is not well taken."

See also, *Fant* v. *Thomas,* 131 Va. 38, 108 S. E. 847, 19 A. L. R. 280.

The Code, section 5810, provides:

"Every action to recover money which is founded upon an award, or on any contract, other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have first accrued, that is to say: If the case be upon any contract by writing under seal, whether made by a public officer, a fiduciary or private person within ten years; if it be upon an award or upon a contract in writing signed by the party to be charged thereby, or by his agent, but not under seal, within five years."

There can be no doubt as to when the right to bring an action "shall have first accrued" on a note which had become "immediately due and payable." These provisions do not affect the negotiability of this paper. Code, section 5564; Acts of the Assembly, 1934, p. 546, ch. 347, amending Code, sections 5566 and 5567.

The judgment of the trial court should be affirmed, and it is so ordered.

*Affirmed.*