WHITTERS & SONS, INC. and Home Insurance Company, Appellant,

v.

David KARR, Appellee.

No. 54043.

Supreme Court of Iowa.

Oct. 13, 1970.

Jones, Hoffman & Davison, Des Moines, for appellant.

Robert W. Matias and Robert F. Wilson, Cedar Rapids, for appellee.

BECKER, Justice.

Whitters & Sons, Inc., as employer and Home Insurance Company as Workmen's Compensation Insurance Carrier started this action in the district court to have a memorandum of agreement with employee-defendant expunged from the Iowa industrial commissioner's record. As grounds for such action they assert constructive fraud, unjust enrichment and mutual mistake of law and fact. The trial court held there was no fraud or mutual mistake such as would justify such action and dismissed the petition. We affirm.

There is no factual dispute. Defendant was employed by Whitters & Sons, Inc., as a sodlayer and foreman. On November 25, 1967 defendant was delivering sod from Fairfax to a job site in Coralville, Iowa. He and his fellow worker noticed two boat cushions lying on the edge of the highway. They decided they would pick them up if they were still there on their return trip. When they came back along the same route defendant stopped the truck and was struck by a passing motorist as he went to get one of the cushions. His injuries were serious. He was taken to a hospital. He states it was a couple of days before he knew what was going on.

Mr. Whitters, his employer, immediately went to the scene of the accident, had his truck taken care of and reported the incident to his insurance agent. The agent was told how the accident happened, including the fact defendant was struck while trying to pick up some boat cushions along the highway. This latter factor was omitted by the agent when he forwarded the report to Home Insurance Company.

The insurance carrier promptly filed employer's work injury report which showed a probable disability of six months. On December 27, 1967 the Industrial Commission sent a form post card to Home Insurance Company reminding them that no memorandum of agreement had been filed. On January 31, 1968, Home Insurance Company filed a memorandum of agreement, mailed its first check to defendant and continued payments until March 7, 1968. Defendant accepted and cashed the checks.

On March 15, 1968 a bill was received from University Hospital in the sum of $3600. Home Insurance Company then investigated more thoroughly, discovered defendant was injured while attempting to salvage boat cushions that someone had lost along the highway and stopped payments to defendant. The carrier also cancelled its draft to the hospital. Subsequently it started this action.

I. The Workmen's Compensation Law provides two ways for claimants to proceed to secure compensation; i. e., by the employer or insurance carrier filing a memorandum of agreement, section 86.13, Iowa Code, 1966, or by either party filing petition for arbitration.[1] Otis v. Parrott,

1. "86.13 Compensation agreements If the employer and the employee reach an agreement in regard to the compensation, a memorandum thereof shall be filed with the industrial commissioner by the employer or the insurance carrier, and unless the commissioner shall, within twenty days, notify the employer or the insurance

(1943) 233 Iowa 1039, 1044, 8 N.W.2d 708, 712; Powell v. Bestwall Gypsum Co., (1963) 255 Iowa 937, 940, 124 N.W.2d 448, 449.

Filing of the memorandum of agreement is the usual and ordinary method used to make a claim and to give the industrial commissioner power to act. It is not surprising that the effect of the agreement, once filed, has been the subject of considerable litigation. The decisions have evolved some well-established principles.

■ First, the agreement shall be approved by said commissioner only when the terms conform to the provisions of chapters 85 and 87. Section 86.13, Iowa Code, 1966. Thus, if the agreement evidenced by the memorandum does not comply with the Workmen's Compensation Law it will be corrected so that it does comply. Forbes v. Ottumwa Sand Co., (1933) 216 Iowa 292, 249 N.W. 399; Cf. Comingore v. Shenandoah Art. Ice Co., (1929) 208 Iowa 430, 440, 226 N.W. 124, 129.

■ But these corrections have had to do with the degree of disability and the amount to be paid therefor. At an early date we said the filing of the memorandum settled two propositions which would not be subject to reopening; i. e., (1) the employer-employee relationship and (2) the injury as one arising out of and in the course of employment. In Tebbs v. Denmark L. & T. Corp., (1941) 230 Iowa 1173, 1176, 300 N.W. 328, 329, we said: "* * * With respect to the memorandum of agreement, the Commissioner stated:

" 'The department has heretofore, for many years last past, interpreted the memorandum of agreement as settling two propositions, the employment contractual relation and the injury as one arising out of and in the course of the employment, leaving the question with reference to extent of disability open for adjustment in accordance with the facts as the facts may be, providing that application therefor is made within the period of the statute of limitations as provided by section 1457. (Now section 86.34).' " The commissioner's position was approved in Tebbs and again in Dietz v. Pioneer Hi-Bred Co., (1941) 231 Iowa 220, 226, 1 N.W.2d 235.

■ The commissioner's policy is sustained by our cases whether the memorandum is treated as the agreement itself or simply as notice that an agreement has been consummated. The memorandum, treated as a written agreement, does not require the signature of both parties. The parties have acted on the agreement by offer of payment of compensation and acceptance thereof, plus the filing of the memorandum. "Where a written agreement signed by one party is accepted and adopted by the other, and acted upon, it becomes their contract in the same sense as though both parties had signed. (Cases cited)." McDermott v. Mahoney, (1908) 139 Iowa 292, 298, 115 N.W. 32, 35; Reynolds v. Johnson, (1925) 199 Iowa 1055, 202 N.W. 881; Cf. I Corbin on Contracts, § 31, p. 114.

If the second approach is accepted; i. e., the memorandum is not the contract but merely notification that a contract has been entered into by the parties, the result is the same. The employer or carrier, by paying the compensation checks, and the employee, by accepting payment, have evidenced an agreement by their actions that

carrier and employee of his disapproval of the agreement by certified mail sent to their addresses as given on the memorandum filed, the agreement shall stand approved and be enforceable for all purposes, except as otherwise provided in this and chapters 85 and 87. * * *.
"86.14 Failure to reach agreement If the employer and injured employee or his representatives or dependents fail to reach an agreement in regard to compensation, either party may file with the industrial commissioner a petition for arbitration together with two copies thereof, stating therein his or her claims in general terms. * * *."

the Iowa Workmen's Compensation Law applies and to be bound thereby. The memorandum is the statutory notice to the commissioner, who must approve for the agreement to be binding under section 86.-13.

A careful reading of the statute indicates the memorandum is not the agreement itself but notice an agreement has been reached: "If * * * (they) reach an agreement * * * *a memorandum thereof* shall be filed * * *." (Emphasis supplied). Section 86.13. Only a memorandum that the agreement has been made is required. This court has held that it will not give effect to oral agreement to toll the statute of limitations unless it has been acknowledged by a statutory memorandum. Rankin v. National Carbide Co., (1962) 254 Iowa 611, 118 N.W.2d 570. In so holding we considered the language of section 86.34, and held since there was no agreement for settlement *before the commissioner,* there was nothing to reopen or review. Therefore the longer statute of limitations relating to review reopening did not apply. The Rankin case does not pass on whether there was an agreement. Failure to file the memorandum was fatal. To like effect is Powell v. Bestwall Gypsum Co., (1963) 255 Iowa 937, 124 N.W.2d 448.

The view that the memorandum is merely evidence of the agreement and need not be signed by both parties is supported in Biggs v. First Nat. Bk., (1934) 218 Iowa 48, 52, 53, 254 N.W. 331, 333, where the memorandum was signed by the employee only. We there said:

"* * * The memorandum of agreement in the instant case was prepared by the insurance carrier and was either filed with the commissioner by it or by the employer, the First National Bank. It was approved by the industrial commissioner and subsequent payments made in accordance with its terms. The bank must be held to have known of the preparation and filing of this memorandum of settlement and agreed to or acquiesced therein. There is no specific provision in the statute requiring the memorandum to be executed by any one. In this instance it was executed by the dependent of the employee. The employer had knowledge of payments thereunder, and we are constrained to hold under the circumstances as disclosed by the record in this case that the memorandum of agreement was and is sufficient under the statute and was so accepted and acquiesced in, not only by the insurance carrier but by the employer." Thus we held the memorandum properly served as a basis for a review reopening petition and proceeded to review the commissioner's and the lower court's actions on the merits.

So interpreted, section 86.13 requires only acknowledgment that an agreement has been reached. This was apparently the view taken by the industrial commissioner when he ceased to require execution of the memorandum by both parties and provided a form which required execution only by the employer or its insurance carrier. Iowa Departmental Rules, 1966, Industrial Commissioner, § 1.1(3), p. 311.

■ II. Of course an agreement between the employer or its insurance carrier on one side and a claimant on the other side may be set aside for fraud, duress or mutual mistake. We have held the power to take such action is in the courts not in the industrial commission. Ford v. Barcus, (1968) 261 Iowa 616, 155 N.W.2d 507 and cases cited. Several of the essential elements of fraud noted in Barcus are absent here. There was no misrepresentation, no falsity of information, and no intent to deceive.

■ Nor was there any mistake of fact. The employer, the insurance carrier's agent and the claimant all knew claimant was crossing the road to get a boat cushion when he was struck and injured. The carrier had 65 days from the date of injury to the date the memorandum was filed to in-

vestigate both the facts and the law. As a matter of company policy it made no investigation.[2]

On both the fraud and mistake issues the court ruled correctly. Duress is not claimed. Plaintiffs virtually concede the propriety of the ruling on those aspects of the case. They argue the present effect given to the filing of the memorandum of agreement should be nullified. The employer or carrier may then contest liability if, after payment, it makes an investigation and discovers a reason for contest. We do not find this to be an adequate basis for declaring the long-established policy of the commissioner and this court to be invalid.

Affirmed.

All Justices concur.

2. "No investigation of this claim was made by the Home Insurance Company and we usually do nothing until we receive the doctor's report. We investigate big claims and pay small claims. Investigation was begun by Mr. Martin after we knew it was a big claim and after the Memorandum of Agreement was filed."