# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Khalid Al-Ghanem et al.

v.

Herbert S. Billowitz,
Trustee, et al.

November 13, 1981

Case No. (Chancery) 12652

By JUDGE WILEY R. WRIGHT, JR.

The Court has temporarily enjoined the foreclosure of a deed of trust on the premises known as 608 North Washington Street in the City of Alexandria. The complainants now seek to have the sale permanently enjoined. Counsel for the parties have agreed that the defendants have the burden of proving their right to foreclosure.

The property in question was conveyed on April 18, 1979, by Lilyan F. Chitlik to the Institute for the Arts of the Archdiocese of Washington, D.C., for the sum of $150,000.00; and, as a part of the transaction, the seller took back a promissory note in the amount of $106,000.00 secured by the purchase money deed of trust which the defendants seek to foreclosure. At the time of the sale, the property was occupied by an art gallery. The property was sold to Thomas J. Stanton, Trustee, in June, 1979, for the sum of $220,000.00, who in turn sold it to the complainants on March 21, 1980, for the sum of $287,000.00. In both instances the purchase or purchasers assumed the

deed of trust. The property was vacant from October, 1980, until recently.

On April 10, 1981, the noteholder accelerated payment of the note secured by the deed of trust, asserting that the complainants had failed to keep the premises in tenantable condition, had permitted waste to be committed, and had failed to keep the property properly insured. The noteholder accepted payments on the note for the months of May, June, and July, 1981. By letter dated August 3, 1981, the complainants were notified by counsel for the noteholder that the property would be sold by the trustees under the deed of trust on August 28, 1981. Thereafter, the noteholder declined to accept any further monthly payments and returned the complainants' checks for the August and September payments.

At the conclusion of the defendants' evidence, the Court ruled that the evidence was legally insufficient to justify foreclosure on the ground that the complainants had failed to maintain insurance on the premises as required by the deed of trust and partially granted the motion of the complainants to strike the evidence.

The complainants do not contest the right of the noteholder to accelerate payment of the debt in the event of a breach of the covenants of the deed of trust. Without conceding that a breach occurred, they say that the noteholder waived the right to accelerate by accepting three monthly payments of principal and interest after giving notice of acceleration. The cases of *Fant v. Thomas*, 131 Va. 38 (1921), and *Short v. Investment Corporation*, 206 Va. 959 (1966), cited by the complainants, stand for the principle that acceptance by a noteholder of past due payments of interest or principal operates as a waiver of the right to accelerate payment of the entire debt. Both of these cases involve only a breach of a covenant to pay interest or principal.

Although my research has not led me to a Virginia case involving the precise question at issue in this case, there is authority for the proposition that acceptance of payments of principal or interest does not constitute a waiver of the right to accelerate for breach of a covenant against waste. *See* 55 Am. Jur. 2d, *Mortgages*, § 392, p. 436, citing *Federal Land Bank v. Mulhern*, 180 La. 627, 157 So. 370 (1934).

If the default in question relates to nonpayment of principal or interest, then acceptance of payment cures the default. On the other hand, if the breach relates to some other covenant of the deed of trust such as one prohibiting waste, the breach continues notwithstanding acceptance of payment. Thus, it would seem illogical to extend the principle enunciated in *Fant, supra,* and *Short, supra,* to the facts of this case. Accordingly, the Court concludes that the noteholder did not waive her right to acceleration by accepting the May, June, and July, 1981, payments.

The express terms of the deed of trust did not include either a covenant requiring that the premises be maintained in tenantable condition or a covenant prohibiting waste. Defendants say that such covenants are deemed to be included by virtue of § 55-59, Code of Virginia, 1950, as amended. The complainants dispute this contention.

Code § 55-59 reads in pertinent part as follows:

Every deed of trust to secure debts or indemnify sureties is in the nature of a contract and shall be construed according to its terms to the extent not in conflict with the requirements of law, provided that unless otherwise provided therein, it shall be construed to impose and confer upon the parties thereto, and the beneficiaries thereunder, the following duties, rights and obligations in like manner as if the same were expressly provided for by such deed of trust, namely . . . .

(3) The grantor shall be deemed to covenant that he will keep the improvements on the property in tenantable condition, whether such improvements were on the property when the deed of trust was given or were thereafter placed thereon.

(4) The grantor shall be deemed to covenant that no waste shall be committed or suffered upon the property.

The provisions of the statute are controlling when the deed of trust does not otherwise provide. *Colonial Investment Company, Inc. v. Cherrydale Cement Block Co., Inc.,* 194 Va. 454, 462 (1952). A close reading of the

deed of trust fails to disclose language that would negate the applicability of Code § 55-59. As a consequence, the deed of trust will be construed to include the two covenants.

In construing the meaning of the statutory covenants and determining whether either or both of them had been breached by the complainants at the time the noteholder accelerated payment, it is well to consider the essential purpose of a deed of trust, namely, the creation of a lien on property to secure a debt.

It is apparent from the evidence that the condition of the property deteriorated to some extent between the time the noteholder sold it and the time payment of the note was accelerated. The Court is of the opinion, however, that the damage or injury to the property was not sufficiently serious or permanent in nature as to constitute waste. To put it another way, the deterioration in the condition of the premises was not such as to substantially affect or impair the defendants' security. Accordingly, the Court finds that the complainants did not breach the statutory covenant prohibiting waste.

Whether the complainants complied with the requirement that they keep the improvements on the property in tenantable condition is a closer question. There is little doubt that the property would have required some repairs before a tenant would have been willing to occupy it; however, the nature, extent and expense of the repairs were such that they could be easily accomplished. Under the circumstances of this case, the Court finds that the complainants did not breach the statutory covenant requiring that the property be maintained in tenantable condition.

The evidence clearly shows that the market value of the premises has markedly increased since the sale by the noteholder notwithstanding the slight deterioration in the condition of the property. The defendants argue that this fact is immaterial and that the Court should rigidly apply Code § 55-59 irrespective of the increase in value. I agree that the complainants cannot use the increase in value as an excuse to totally ignore the statutory covenants; however, it would seem that as a matter of equity, the Court must recognize that the noteholder's security has not been substantially jeopardized or impaired.

This being the case, it would be unjust and inequitable to permit the foreclosure to proceed.

The complainants will be granted a permanent injunction prohibiting the defendants from foreclosing the deed of trust for breach of any of the covenants thereof occurring prior to the commencement of this cause.