CATERPILLAR TRACTOR
COMPANY, Appellee,

v.

Susano MEJORADO, Appellant.

No. 86-485.

Supreme Court of Iowa.

Aug. 19, 1987.

Kent A. Simmons of Liebbe & Simmons, Davenport, for appellant.

Larry L. Shepler and Vicki L. Seeck of Betty, Neuman & McMahon, Davenport, for appellee.

## PER CURIAM.

This workers' compensation case presents the question whether a claimant seeking additional benefits in a review-reopening proceeding must prove a change of condition after the filing of a memorandum of agreement with the industrial commissioner (commissioner). The claimant Susano Mejorado was awarded additional benefits in a review-reopening proceeding. Both the deputy industrial commissioner and the commissioner determined that Mejorado was obligated to prove only the extent of his disability and the causal connection between his disability and his work-related injury. The district court on judicial review and, following appeal, the Iowa Court of Appeals overturned that award on the ground that Mejorado had failed to prove a change of circumstances since the filing of the initial memorandum of agreement by the employer. We vacate the decision of the court of appeals and reverse the judicial review decision of the district court, thereby upholding the industrial commissioner's award of additional benefits.

Mejorado was injured on August 21, 1975 at the job site where he was employed by plaintiff Caterpillar Tractor Company (Caterpillar). Caterpillar subsequently filed a memorandum of agreement with the commissioner on August 28, 1975, and commenced paying Mejorado benefits covering his healing period and anticipated permanent partial disability. In January of 1980 an industrial commissioner clinic examined him and advised Caterpillar that he had a 25% functional disability rating. Caterpillar then paid him an amount based upon a 31% permanent partial disability—the sum of that 25% functional disability rating and a 6% industrial disability rating. Caterpillar's calculation resulted in installment payments that ended on April 21, 1980.

In his request for a review-reopening hearing filed August 2, 1982, *see* Iowa Code § 86.14(2) (1981), Mejorado contended he had sustained greater permanent partial disability to the body as a whole than 31%. Following an evidentiary hearing a deputy industrial commissioner found that Mejorado had sustained a 36% permanent partial disability and accordingly ordered Caterpillar to pay him additional compensation. The commissioner on review upheld that determination.

The district court on judicial review, however, overturned the award on the ground that the commissioner should have imposed on Mejorado the burden "to show a change of circumstance since the memorandum of agreement was filed so as to entitle him to an increase in disability compensation." Mejorado's appeal was transferred to the court of appeals and was there affirmed. We have granted Mejorado's petition for further review. *See* Iowa R.App.P. 402.

Our scope of review in this agency proceeding is governed by the principles summarized in *Doerfer Division of CCA v. Nicol,* 359 N.W.2d 428, 432 (Iowa 1984):

A review of the industrial commissioner's decision is governed by Iowa Code section 17A.19. The scope of review is not de novo. The commissioner's findings have the effect of a jury verdict. Those findings are applied broadly and liberally to uphold rather than defeat the commissioner's decision; they are binding on appeal unless a contrary result is demanded as a matter of law. The commissioner's determination of a law question is entitled to careful consideration but nonetheless is subject to review.... We review the district court's appeal decision for errors of law. In this pursuit we reapply the section 17A.19(8) standards to the agency action to determine whether our conclusions are the same as those of the district court.

(Citations omitted.) We first examine the pertinent statutory provisions, then the determinative question whether the commissioner should have required Mejorado to prove a change of circumstances after filing of the memorandum of agreement.

### I. *Pertinent Statutes.*

Review-reopening is a procedure through which the commissioner may modify the amount of workers' compensation benefits paid pursuant to an initial award or agreement for settlement. Iowa Code section 86.14(2) (1981), which was in effect when Mejorado filed his petition for review-reopening, provided:

> In a proceeding to reopen an award for payments or agreement for settlement as provided by section 86.13, inquiry shall be into whether or not the condition of the employee warrants an end to, diminishment of, or increase of compensation so awarded or agreed upon.

Iowa Code section 86.13 (1981) provided:

> If the employer and the employee reach an agreement in regard to the compensation, a memorandum thereof shall be filed with the industrial commissioner by the employer or the insurance carrier, and unless the commissioner shall, within twenty days, notify the employer or the insurance carrier and employee of his disapproval of the agreement by certified mail ... the agreement shall stand approved and be enforceable for all purposes.... Such agreement shall be approved by said commissioner only when the terms conform to the provisions of this and chapter 85.

Mejorado first contends that we should apply in this case not that statutory language but the significant amendment to section 86.13 adopted in 1982. *See* 1982 Iowa Acts ch. 1161, § 23. That amendment, effective on July 1, 1982 after Caterpillar made its last payment to Mejorado, added specific sanctions for delayed filing of a notice of commencement of weekly compensation benefits, and it also tightened the requirements for valid, enforceable agreements for settlement. Mejorado contends there was no agreement for settlement in this case that would satisfy those heightened requirements.

We do not give retroactive effect to the 1982 amendments to Iowa Code section 86.13. We first are guided by the presumption that statutes operate prospectively only unless they are expressly made retrospective. *See* Iowa Code § 4.5; *State ex rel. Buechler v. Vinsand,* 318 N.W.2d 208, 210 (Iowa 1982). Nothing in the statute as amended suggests the legislature intended its modified provisions to operate retrospectively. We recognize that statutory changes that are solely procedural in nature may be applied both prospectively and retrospectively, *see City of Waverly v. Iowa Dep't of Job Serv.,* 383 N.W.2d 513, 515 (Iowa 1986), but this amendment was not merely procedural. The court of appeals correctly characterized the section 86.13 changes as substantive in nature, noting that the modified language both regulates and restricts the rights of employers and employees who wish to enter into agreements concerning payment of workers' compensation benefits.

We therefore apply to the factual circumstances of this case the statutory and case law that preceded the 1982 amendment of section 86.13 (1981).

### II. *Burden to Prove Change of Condition.*

Under the Iowa statutory scheme in effect prior to the 1982 amendments to the

workers' compensation statute, claimants could initially secure benefits in essentially two ways: (1) by one party filing a petition for arbitration; and (2) by the employer or insurance carrier filing a memorandum of agreement with the commissioner. *Whitters & Sons, Inc. v. Karr*, 180 N.W.2d 444, 445 (Iowa 1970); *Otis v. Parrott*, 233 Iowa 1039, 1044, 8 N.W.2d 708, 712 (1943). The "usual and ordinary method," however, was the filing of a memorandum of agreement by one party. *Whitters & Sons, Inc.*, 180 N.W.2d at 446. The sharp point of departure between the commissioner and district court in this case concerns the binding effect of the unsigned memorandum of agreement filed by Caterpillar. The commissioner clearly stated in his decision awarding additional benefits that the memorandum of agreement was not a settlement agreement in the usual sense, and therefore Mejorado was not required to prove a change of condition. The commissioner wrote:

> We come now to the question of change of condition as a contingency of review. Had there been an actual agreement for settlement between the employer and employee, in other words, a written instrument of agreement signed by both parties, a showing of change of condition by claimant would be required for a review-reopening proceeding. Equally, had the payment of benefits derived from an award determined by prior adjudication of his claim, a change of condition would have to be demonstrated to support a modification of that award. No settlement papers are on file with this agency and a benefit award based on a determination of disability has not been made by this agency. Therefore, the deputy's finding that a showing of changed condition was not a part of claimant's burden was correct.

The district court, in contrast, agreed with Caterpillar that the memorandum of agreement should have the same effect as an award by the commissioner or formal settlement agreement signed by the parties, precluding additional compensation unless the claimant had shown a change in condition after the agreement was filed. The

district court stated that this would "avoid constant litigation and relitigation of the same thing."

■ We agree with the commissioner that the memorandum of agreement filed by Caterpillar, which Mejorado neither approved nor executed, was not the equivalent of a formal settlement agreement or award of compensation following an evidentiary hearing. The informality which characterized the filing of this document was explained in an article written by a former Iowa industrial commissioner in 1970:

> The memorandum of agreement filed with the industrial commissioner for approval usually does not represent the reduction to writing of a meeting of minds between an employer and employee after an industrial injury. It is a unilateral admission on the part of the employer and his insurance company that the injury arose out of and in the course of the employment. In most cases, the employer's personnel manager or insurance claimsman files the form without the workman even knowing about it.

Dahl, *Iowa Workmen's Compensation*, 19 Drake L.Rev. 393, 405 (1970).

■ In this case both the deputy industrial commissioner and the commissioner cited and relied upon several of our decisions which state or clearly imply that when a workers' compensation award has not been commuted, the filing of a memorandum of agreement leaves open for adjustment in a review-reopening proceeding the extent of disability. *See Freeman v. Lupes Transp. Co.*, 227 N.W.2d 143, 148 (Iowa 1975) (cataloguing earlier cases explaining effect of memorandum of agreement); *Tebbs v. Denmark Light & Telephone Corp.*, 230 Iowa 1173, 1176, 300 N.W. 328, 329 (1941) (quoting commissioner's statement that memorandum of agreement "leav[es] the question with reference to extent of disability open for adjustment in accordance with the facts as the facts may be"). The deputy and commissioner correctly applied to the facts in this case those precedents construing section 86.13.

In summary, the memorandum of agreement settled only (1) the Caterpillar-Mejorado employment relationship and (2) the fact that Mejorado's injury arose out of and in the course of his employment. *Teel v. McCord*, 394 N.W.2d 405, 406 n. 1 (Iowa 1986); *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 286 (Iowa 1983). Mejorado was not required to prove a change in his condition after filing of the memorandum of agreement, but he was required to prove that increased disability for which no compensation had been paid was proximately caused by the injury. *Blacksmith v. All-American, Inc.*, 290 N.W.2d 348, 352 (Iowa 1980); *Langford v. Kellar Excavating & Grading, Inc.*, 191 N.W.2d 667, 670 (Iowa 1971). We uphold the award of additional compensation benefits because substantial evidence in the record supports the commissioner's conclusion that Mejorado satisfied his burden to prove those essential elements of his review-reopening claim.

The commissioner's interpretation of Iowa Code sections 86.13 and 86.14(2) (1981) squares with our cases construing those statutes as well as the familiar principle that workers' compensation statutes should be and are construed in favor of the worker. *Caterpillar Tractor Co. v. Shook*, 313 N.W.2d 503, 506 (Iowa 1981).

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.

All Justices concur except NEUMAN, J., who takes no part.