**D & C EXPRESS, INC., Appellant,**

v.

**Larry L. SPERRY, Appellee.**

No. 88–1485.

Supreme Court of Iowa.

Jan. 24, 1990.

David Scieszinski, Wilton, for appellant.

Allan Hartsock of Winstein, Kavensky, Wallace & Doughty, Rock Island, Ill., for appellee.

Roger L. Ferris of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for amicus curiae Cora Tuttle.

R. Ronald Pogge of Hopkins & Huebner, P.C., Des Moines, for amicus curiae Iowa Motor Truck Ass'n.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER and SNELL, JJ.

HARRIS, Justice.

Larry Sperry sought workers' compensation benefits after he slipped and fell from his tractor-trailer. Sperry claimed to have been employed by D & C Express, an Iowa corporation which hauls steel products throughout the country. D & C Express defended on the ground Sperry was an independent contractor rather than an employee. The industrial commissioner awarded benefits.[1] On judicial review the award was sustained but ordered reduced by the district court. We affirm.

In 1983 Sperry was the owner-operator of a semitrailer truck. He leased it to D & C Express under a written agreement which required Sperry to provide his vehicle and a driver to operate it. Sperry was required at all times to display D & C signs on his truck. Sperry was responsible for the licensing costs, maintenance costs, and for maintaining liability insurance on his equipment. He was also to maintain his own health and workers' compensation insurance.

Sperry paid the salary of any other drivers who might assist him out of the "wages" D & C paid him. Sperry was required to check daily with D & C but was free to choose his travel routes. He was allowed to "trip lease" (contract with other shippers) if D & C did not have freight available for return trips. Sperry operated only his own unit, never any of the units owned by D & C.

D & C, as lessee, was required to see that all the leased equipment met all federal safety regulations, that cargo was insured, and that drivers maintained proper logs. D & C assigned shipments to leased owner-operators such as Sperry on a first come first served basis.

D & C paid Sperry weekly by check which designated the payment as "wages." Sperry was paid seventy-eight percent of the gross revenues of all freight hauled for D & C and ninety-four percent of the gross revenue he received from other carriers. Sperry estimated that twenty-five percent of the seventy-eight percent paid pursuant to the agreement was compensation for his services. The remainder was for use of the equipment. His average weekly payment for the thirteen weeks prior to his injury was $955. Sperry declared himself "self-employed" for income tax purposes. He paid his own income and social security taxes.

As mentioned, Sperry filed for workers' compensation after falling from his truck. He suffered permanent partial impairment of his right arm. The industrial commissioner held he was entitled to benefits on the basis of weekly wages of $955.

On judicial review the district court affirmed with respect to the employer-employee relationship but reversed with re-

---

1. Iowa Code § 85.61(3)(c) (1989) excludes certain owner-operators of trucks from the definition of an employee under the workers' compensation chapter. This exclusion provision was added by 1986 Iowa Acts chapter 1074, § 4. The district court correctly held the amendment operated prospectively only and did not affect this litigation.

spect to the weekly rate. Because the $955 included Sperry's expenses and costs the district court remanded the case to the commissioner for a determination of the wage rate which excluded expenses and costs. Both parties appeal.

■ I. It was Sperry's burden to establish the existence of an employer-employee relationship at the time he was injured. *Freeman v. Luppes Transp. Co.*, 227 N.W.2d 143, 148 (Iowa 1975). On this record the commissioner certainly could have determined he failed to carry the burden. There were as many, perhaps more, indicia of an independent contractor relationship. But finding the facts is the prerogative of the commissioner, not the courts. Our inquiry is strictly limited to determining whether a contrary factual finding is demanded as a matter of law. *Caterpillar Tractor Co. v. Mejorado*, 410 N.W.2d 675, 677 (Iowa 1987).

The indicia, or factors, which test whether a relationship is that of an employer-employee or that of an independent contractor have been listed in a number of cases. Although no one factor is controlling the first inquiry is who has the right to control the physical conduct of the service being performed. *Peterson v. Pittman*, 391 N.W.2d 235, 237 (Iowa 1986). Other factors include, but are not limited to, responsibility for payment of wages, intention of the parties, and such things as the withholding of federal income and social security taxes. *Id.*

We cannot say as a matter of law that the commissioner was presented with a record which would support only a finding that Sperry was an independent contractor. There was sufficient legal evidence of control and of the intention of the parties to support the commissioner's conclusion Sperry was an employee. The district court was correct in so holding.

■ II. A much more difficult question is posed by D & C's challenge to the weekly wages found by the commissioner. It arises on Sperry's cross-appeal from the district court's rejection of the commissioner's determination that Sperry's weekly wages were $955. Often a determination of wages would also be strictly factual in nature, but the dispute here is a legal one. On questions of law we accord the agency careful consideration but considerably less deference than on factual findings. *Caterpillar Tractor Co. v. Mejorado*, 410 N.W.2d at 677.

The arguments proceed from statutory definitions under Iowa Code chapter 85 (1989).[2] In an exceptionally thoughtful amicus curiae brief in support of the commissioner's determination, Cora Tuttle (a party in a similar case now on judicial review in district court) contends Iowa's wage computation scheme is intended to be self-enforcing. She contends this is because the scheme "allows computation to be made with relative ease, ... fosters the prompt payment of claims, ... minimizes rate litigation, ... and offers all parties a relative certainty of result." Iowa's scheme, the argument goes, is in contrast to statutes in most states because it lacks a "catch all" clause for workers to whom the ordinary statutory definition cannot fairly apply. *See* Larson, *Law of Workmen's*

---

2. **Section 85.61(12).** "Gross earnings" means recurring payments by employer to the employee for employment, before any authorized or lawfully required deduction or withholding of funds by the employer, excluding irregular bonuses, retroactive pay, overtime, penalty pay, reimbursement of expenses, expense allowances, and the employer's contribution for welfare benefits.

**Section 85.36.** Basis of Compensation. The basis of compensation shall be the weekly earnings of the injured employee at the time of the injury. Weekly earnings means gross salary, wages, or earnings of an employee to which such employee would have been entitled had the employee worked the customary hours for the full pay period in which the employee was injured, as regularly required by the employee's employer for the work or employment for which the employee was employed, computed or determined as follows and then rounded to the nearest dollar:

. . . .

6. In the case of an employee who is paid on a daily, or hourly basis, or by the output of the employee, the weekly earnings shall be computed by dividing by thirteen the earnings, not including overtime or premium pay, of said employee earned in the employ of the employer in the last completed period of thirteen consecutive calendar weeks immediately preceding the injury.

*Compensation* § 60.11(a), at 10–591 (1987). *But see* Iowa Code § 85.36(8).[3]

Sperry contends we should mechanically apply the statutes to include, as the commissioner did, Sperry's expenses and costs. We agree with D & C and the district court that such an interpretation is wholly unreasonable and not demanded by statute. The basis for accepting Sperry's calculation of wages was capsulized in the commissioner's opinion this way:

> The Iowa statutory scheme of rate calculation is specific, and it was designed to ease the process of calculation. It would be an impossible task to determine rate if we were to take into account employee paid expenses. In many cases taking into account such expenses would lead to absurd results. For example, in this case, [Sperry] would not be entitled to any rate of compensation despite the fact he was gainfully employed at the time of his injury as he had a net loss for the tax year 1983.

We cannot improve on the language employed by the district court in rejecting this view. We quote and adopt it as our own:

> It is not absurd to deduct known expenses to arrive at actual wages. It seems quite unreasonable to pay the same amount whether or not expenses are incurred. There is no basis to say that [Sperry] would receive no compensation because he showed a net loss on his tax return. Many factors, such as interest paid, depreciation, [and other matters] enter into a determination of taxable income that would not be applicable to determine actual wages. The court is not persuaded that an attempt to determine the amount paid which was actually wages would be so difficult as to make the system unworkable. If [Sperry] averaged $955 per week in gross earnings and still showed a net loss on his income tax return, then there must have been considerable expenses involved. It would be unreasonable to pay the same

amount when those expenses were not in fact being incurred.

The district court then quoted Iowa Code section 85.36(8), which we have noted above, and went on to state:

> There is evidence in the record that the standard wage rate for drivers is 25% of the gross receipts. The burden is on [Sperry] to show his actual earnings. If he cannot do so, then ... the provisions of section 85.36(8) should apply.

AFFIRMED ON BOTH APPEALS.

---

**3.** Iowa Code § 85.36(8) states:
   If at the time of the injury the hourly earnings have not been fixed or cannot be ascertained, the earnings for the purpose of calculating

compensation shall be taken to be the usual earnings for similar services where such services are rendered by paid employees.