## CIRCUIT COURT OF FAIRFAX COUNTY

Vashti Copland,
Executrix of the
Estate of
John A. Copland

v.

Brian K. Daniels

April 28, 1993

Case No. (Law) 114923

BY JUDGE THOMAS S. KENNY

This case is before the Court on the argument raised at trial by the defendant, Brian Daniels, that the plaintiff's breach of contract claim is barred by the statute of limitations. After completing a bench trial on this case on April 1, 1993, the Court took this matter under advisement asking the plaintiff, Estate of John Copland, Vashti Copland, Executrix, hereinafter "Estate," to submit a memorandum concerning the appropriate statute of limitations period that would be applicable to this case. The Estate was asked to include in the memorandum a discussion of the effect of the death of John Copland and appointment of his personal representative, Vashti Copland, to the statute of limitations period. Daniels, who appeared *pro se*, was given the opportunity to submit a response to the Estate's memorandum, but none has been received. For the reasons set forth below, I find this action is barred by the statute of limitations and, therefore, sustain Daniels' plea.

### Factual Background

Testimony was provided at the April 1, 1993, trial concerning the events which gave rise to this litigation. The parties agree that Daniels signed a note in favor of John Copland in the amount of $15,600 dated November 4, 1985. The note provided that beginning July 1, 1986, monthly installments of $200 were to be paid to Copland until the note was paid in full, "except that unless sooner paid, this Note shall be due

and payable in Five (5) years from the date hereof." The note also contained an absolute acceleration clause which mandated that upon default of any payment, the entire note was due and payable.

Testimony was uncontroverted at trial that Daniels did not pay John Copland the first $200 payment, which was due July 1, 1986. The remaining scheduled payments set out in the note were also not paid, and John Copland never made a demand for these payments. Vashti Copland, John Copland's administratrix, testified at trial that John Copland treated the note as an interest-free five year note payable November 4, 1990.

John Copland died in October of 1990 before the November 4, 1990, final due date of the loan. According to the Estate's April 15, 1993, memorandum, Vashti Copland was appointed administratrix in January of 1991 and made a demand on Daniels for repayment of the $15,600 loan. The demand was unsuccessful and the Estate filed the present action on May 6, 1992, alleging breach of contract.

### Statute of Limitations Plea

The Court has before it today the defendant's assertion at trial that the present case is barred by the statute of limitations. As discussed above, the note in question contains an absolute acceleration clause which mandates that the entire balance of the note was due and payable if any payment were in default. The July 1, 1986, payment was not paid by Daniels. Accordingly, pursuant to the terms of the automatic acceleration clause, the note was in default, and the entire amount of the loan was due on July 2, 1986.

The first issue to be resolved is whether the statute of limitations period began to run at the time of the accelerated default, July 2, 1986, or at the time the final payment of the note was in default on November 5, 1990. Jurisdictions are split on the effect of an absolute acceleration provision on the statute of limitations. *See generally,* 55 Am. Jur. 2d, *Mortgages,* § 601 (1971); Annotation, *Acceleration Provision in Note or Mortgage as Affecting the Running of the Statute of Limitations,* 161 A.L.R. 1211 (1946). The Estate argues in its April 15, 1993, brief that the cause of action in this case accrued on November 5, 1990, when the final payment was in default. The Estate further argues that the printed acceleration clause contradicts the typed provision which states the note is due and payable five years from the execution and contends that the proper construction of the note would

be to uphold the provision which provides for a schedule of payments and the final due date of November 5, 1990, and to strike the printed acceleration clause.

I do not agree with the Estate's argument that the provisions in the note are conflicting. There is nothing inconsistent between a schedule of payments, including a "balloon" payment at the end of a payout period, and a provision calling for acceleration of the entire debt if that schedule is not met. Furthermore, absolute acceleration clauses of this type have consistently been upheld in Virginia. *See, Nickels v. People's Building, L. & S. Ass'n*, 93 Va. 380 (1896); *Fant v. Thomas*, 131 Va. 38 (1921). When the parties stipulate that the entire debt will become due in the event of a default in the payment of any installment, the cause of action accrues at the time of the first default and the statute of limitations begins to run at that time. *Country Club of Portsmouth, Inc. v. Wilkins*, 166 Va. 325 (1936).

It is important to remember that this is a note which accelerates *automatically* on default, as opposed to the more common type of note which allows acceleration at the *option* of the noteholder. Pursuant to the terms of this note, default occurred when the July 1, 1986, payment was not made, acceleration automatically occurred and the cause of action accrued at that time. Va. Code § 8.3–122.[1] This is when the statute of limitations began to run.

The final issue to be resolved is the appropriate limitations period to be applied in this case and the effect of John Copland's death in October of 1990. Pursuant to Va. Code § 8.01–230, the statute of limitations period which generally governs cases involving breach of a written contract is five years.[2] *See, Harris v. Tabler*, 232 Va. 75, 79 (1986). However, Va. Code § 8.01–229(B)(1) provides:

> If a person entitled to bring a personal action dies with no such action pending before the expiration of the limitation

---

[1] This section, along with the rest of Article 3 of the UCC, was repealed as of January 1, 1993, and replaced with Article 3A. This note, however, having been executed in 1985, is governed by the former law.

[2] Although Va. Code § 8.3A-118(a) provides that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note, or if a due date is accelerated, within six years after the accelerated due date," this section only applies to actions accruing on or after January 1, 1993. The present action accrued on July 2, 1986.

period for commencement thereof, then an action may be commenced by the decedent's personal representative before the expiration of the limitation period including the limitation period as provided by subdivision E 3 [dealing with voluntary nonsuits] or within one year after his qualification as personal representative, whichever occurs later.

This action was filed on May 6, 1992, more than five years after the accrual of the cause of action, which occurred on July 2, 1986. In addition, more than a year had elapsed between the qualification of John Copland's personal representative in January of 1991, and the institution of this action. Pursuant to Va. Code §§ 8.01–230 and 8.01–229(B)(1), this action is barred as filed after the statute of limitations had run and, accordingly, defendant's plea is sustained.