HENRY A. SAUTER, Appellee, v. CEDAR RAPIDS & IOWA CITY RAILWAY et al., Appellants.

MASTER AND SERVANT: Workmen's Compensation Act—Period of Disability. When an employer agrees with the injured employee to pay the latter a stated compensation "during his disability," the court has no jurisdiction to determine such period of disability and to determine that said injuries are permanent and to enter judgment accordingly.

Headnote 1:   Workmen's Compensation Acts—C. J. p. 117 (Anno.)

Headnote 1:   L. R. A. 1916A, pp. 79, 80, 174; 28 R. C. L. 826.

*Appeal from Linn District Court.*—A. B. CLARK, Judge.

### JULY 1, 1927.

### REHEARING DENIED OCTOBER 1, 1927.

This is a proceeding under the Workmen's Compensation Law of Iowa. The lower court entered judgment in favor of the plaintiff, a claimant under such law, on a memorandum of settlement made between him and the defendants, his employer and insurer. Defendants appeal.—*Reversed.*

*Chandler Woodbridge,* for appellants.

*Grimm, Wheeler, Elliott & Shuttleworth,* for appellee.

DE GRAFF, J.—The appellee sustained an injury on January 25, 1924, arising out of and in the course of his employment by the Cedar Rapids & Iowa City Railway. On or about October 3, 1924, a memorandum of settlement was made between the claimant and the employer, under which the claimant was to be paid weekly compensation of $15 per week during his disability from such injury. At the time such agreement was made, the duration of the disability was undetermined. Compensation payments were made to him until April 1, 1925, at which time a disagreement arose between the employer and the claimant as to the duration of the disability. The claimant was ordered by the industrial commissioner to be examined by Dr. O. J. Fay, of Des Moines, Iowa, the medical counselor of the industrial commissioner. On April 23, 1925, the medical counselor reported to the industrial commissioner that there was neither permanent nor temporary disability existing in the claimant at that time.

On June 11, 1925, and after the examination report was made by Dr. Fay to the industrial commissioner, the claimant filed an application for an arbitration hearing. This application was resisted by the employer, on the grounds that the case was not one for arbitration, but was one for reopening, under

Section 1457, Code of 1924, and that no disability existed. The case appears to have been dormant until about July 7, 1926, when the claimant filed a petition for review and reopening before the industrial commissioner. The employer stood on his answer to the former application for arbitration. The record before us does not show what ruling, if any, was made by the industrial commissioner on the petition for review and reopening.

The record shows that the claimant thereafter filed a dismissal of his petition for review and reopening by the industrial commissioner.

On the 26th of October, 1926, the claimant appeared before the lower court, and a judgment was entered in his favor upon the memorandum of settlement in the principal sum of $1,280, said sum being computed on the basis of $15 per week from and after April 1, 1925, up to and including October 20, 1926, and for a weekly compensation of $15 for the maximum period provided for total permanent disability cases by the said law. A motion to set aside this judgment and decree was overruled by the lower court on December 9, 1926, and the judgment and decree, with a slight modification, was reaffirmed.

This court finds no provision in the Workmen's Compensation Act which authorizes the lower court to enter judgment against an employer upon a memorandum of settlement which is not in strict accordance with the terms and conditions therein. In the memorandum of settlement in this case, it plainly appears that the duration of the disability of the claimant was undetermined. It was not then within the province of the lower court to determine whether the disability had ceased or had continued. The lower court could render a decree or judgment only in accordance with the terms of the memorandum of settlement, and those were that the employer should pay $15 per week during the duration only of the disability of the claimant which arose out of and in the course of his employment by the said employer. The period during which such payments were to continue was not for the lower court to determine.

It is, therefore, our conclusion that the findings of the lower court should be reversed, and it is so ordered.—*Reversed.*

All the justices concur.