MAUDE TEBBS, Appellee, v. DENMARK LIGHT & TELEPHONE CORPORATION, Appellant.

No. 45675.

1174

October 21, 1941.

Johnson, Martin, Johnson & Phelan, for appellee.

M. A. Walsh and H. Cosgrove Walsh, for appellant.

Bliss, J.—Burt Tebbs, while employed as a lineman by the defendant, received burns, on October 16, 1937, from a wire carrying a current of 2,300 volts, which made necessary the amputation of his right hand, and of his left arm above the elbow. He and the defendant entered into a memorandum of agreement, as provided by section 1436 of the Code, in which it was stipulated that he should receive $7.03 a week from November 8, 1937, for a total disability period of 400 weeks, or until terminated in accordance with the provisions of the Workmen's Com-

pensation Laws. This agreement was approved by the Industrial Commissioner. Tebbs died on June 24, 1939. On July 8, 1940, the plaintiff filed application in the office of the Clerk of the District Court of Lee County, alleging the above-stated facts, and that she was the surviving spouse of Burt Tebbs, and prayed for judgment in accordance with the memorandum of agreement and all papers in connection therewith on file in the Commissioner's office. Judgment, as prayed, on an ex parte hearing, without notice to defendant, was entered by the court on the same day. On motion and petition of defendant, an order was entered by the court setting this judgment aside. On October 29, 1940, plaintiff filed an "Amended and Substituted Application" asking judgment as in her original application. On October 31, 1940, without notice to or representation by the defendant, judgment was entered for plaintiff and against the defendant for $294.48 with interest at 6 per cent from July 6, 1940, and for $7.03 a week from that date for 157 weeks. The Clerk of the court mailed a notice of the judgment entry to defendant, who filed motion and application, supported by affidavits and various exhibits, to set aside the judgment. On November 15, 1940, the court entered an order and judgment denying the relief prayed for. Defendant has appealed from these judgments.

Plaintiff's amended and substituted petition alleged the employment and injury of Burt Tebbs, the execution of the memorandum of agreement, his death, her survivorship as his widow, the payment of $583.49 to him as compensation during his lifetime, and the sum of $133.57 to her as his dependent widow, and prayed for judgment in accordance with the memorandum of agreement and papers filed in connection therewith, certified copies of which were made a part of the pleading. These exhibits consisted of a certificate of the Industrial Commissioner, dated May 9, 1940, and the following papers, referred to therein as being filed in his office: (1) A report of the accident filed October 26, 1937, which also stated that he was married, and had two children under sixteen years of age; (2) the memorandum of agreement; (3) a certified copy of the certificate of death from the Iowa State Department of Health, containing the attending doctor's certificate stating: "I attend-

ed deceased from May 24, 1939 to June 24, 1939. I last saw him alive on June 23, 1939, death is said to have occurred on the date stated above, at 2 a. m. The principal cause of death and related causes of importance in order of onset were as follows: Carcinoma of lungs. Contributory causes of importance not related to principal cause: Broncho-pneumonia. Date of onset 6-21-39. * * * Was disease or injury in any way related to occupation of deceased? No.''; (4) ''Employer's report of workmen's compensation benefit payments made in this case'' stating the payment of $583.49 to Tebbs, the payment of $133.57 to his widow, and the payment of $594.90 for hospitalization, doctor's services, and drugs; (5) the receipt of plaintiff showing total compensation to the employee and herself of $717.06.

The certificate of the Commissioner, above mentioned, referred briefly to each of the other papers, which were certified and attached. With respect to the memorandum of agreement, the Commissioner stated:

''The department has heretofore, for many years last past, interpreted the memorandum of agreement as settling two propositions, the employment contractual relation and the injury as one arising out of and in the course of the employment, leaving the question with reference to extent of disability open for adjustment in accordance with the facts as the facts may be, providing that application therefor is made within the period of the statute of limitations as provided by section 1457.''

With respect to the certificate of the attending physician' as to the cause of death, the Commissioner stated:

''The death certificate thus referred to among other things recites that death was due to carcinoma of the lungs, and the contributing factor was broncho-pneumonia, but we have no other evidence of record showing or tending to show that the supposed affliction as the immediate cause of death was due to the injury recited in the memorandum of agreement. We are therefore unable to certify any record showing or tending to show the connection between the immediate cause of death and the injury.''

The ''Motion and Petition'' of the defendant to set aside

the judgment is of such length that we may only summarize it. It alleged, in substance: That plaintiff was without legal right to any judgment in any amount; that defendant was given no opportunity to defend; that the judgment was erroneously and wrongfully rendered without legal authority or jurisdiction; that Code section 1465, under which the judgment purported to be rendered, authorized a judgment or decree only "in accordance" with certified copy of the order or decision of the Commissioner, award of arbitrators, memorandum of agreement, and "all papers in connection therewith"; that the memorandum of agreement provided the weekly payments should be made "until terminated in accordance with the provisions of the Workmen's Compensation Law"; and, that under the alleged facts appearing in the Commissioner's certificate and "other papers", the plaintiff was not entitled to a judgment against defendant, under the provisions of Code section 1392, paragraph 5, to wit: "Where an employee is entitled to compensation under this chapter for an injury received, and death ensues *from any cause not resulting from the injury for which he was entitled to the compensation,* payments of the unpaid balance for such injury shall cease and all liability therefor shall terminate." (Italics ours.); that, as shown by the certificate of the Commissioner, he had made no finding of fact as to the cause of the death of the employee or its connection with the compensated injury and there was no basis, in the certificate or other papers certified, for the judgment rendered.

The "Motion and Petition" further alleged: That the finding of the court that the plaintiff was the surviving spouse was an encroachment upon the exclusive fact-finding right of the Commissioner, not only as to that fact, but as to whether there were not other dependents, as indicated in the report of the accident; that the judgment was not rendered pursuant to any findings of the Commissioner, but contrary to his findings and conclusions, and to the matters of fact stated in the certified papers; that the question of the termination of payments as set out in the memorandum of agreement under the provisions of the Workmen's Compensation Laws was solely determinable thereunder by the Commissioner and not by the court; that no hearing had been had before the Commissioner or no findings

made by him supporting the findings or judgment of the court, and that such supporting findings must be made by the Commissioner. The defendant attached to its petition certified copies of other certificates of the Commissioner, and of correspondence in connection with the case. A certificate of the Commissioner of August 1, 1940, states:

"As Industrial Commissioner I further certify that the question whether or not Maude Tebbs is the surviving spouse of Burt Tebbs, deceased, has never been passed upon by the commissioner, and no application has ever been filed with the Industrial Commissioner to determine that fact.

"As Industrial Commissioner I further certify that no application has ever been filed with the Industrial Commissioner to pass upon the question whether or not the death of Burt Tebbs was due to the personal injury that arose out of and in the course of the employment and that question has never been adjudicated by the commissioner, nor has any application been filed with the commissioner to determine that question, and the question thus far has not been determined by the Industrial Commissioner."

The correspondence and communications clearly show that it was the judgment of the Commissioner, as shown by the files in his office, that the defendant had fulfilled its obligations under the memorandum agreement, and that its liability for further compensation payments was terminated. Both the plaintiff and the defendant were notified by the Commissioner that this was his conclusion. It was thereafter that plaintiff made her application to the court.

Appellant assigns two errors upon which it asks for reversal. The first being that the court erred in rendering its judgment of October 31, 1940, and second, that it erred in rendering its judgment of November 15, 1940. It urges in this court, in general, the facts and reasons stated in its petition to set aside the judgment of October 31, 1940. It is our judgment that its contentions are sound and that the judgment should be reversed.

It was the intention of the Legislature in the enactment of the Workmen's Compensation Act to place its adminis-

tration very largely in the Industrial Commissioner. Section 1431 of the Code prescribes his duties. As there stated, it *shall be his duty* "To establish and enforce all necessary rules and regulations not in conflict with the provisions of this chapter and chapters 70 and 72 for carrying out the purposes thereof", and "In general to do all things not inconsistent with law in carrying out said provisions according to their true intent and purpose."

This court has uniformly and repeatedly held that the courts cannot interfere with the fact-finding prerogatives of the Commissioner, nor with his findings of fact when there is supporting evidence, and he acts within his powers, and without fraud. We call attention to but a few of these cases. See Flint v. City of Eldon, 191 Iowa 845, 183 N. W. 344; Featherson v. Continental-Keller Co., 225 Iowa 119, 279 N. W. 432; DeLong v. Highway Commission, 229 Iowa 700, 295 N. W. 91; Comingore v. Shenandoah Artificial Ice, etc., Co., 208 Iowa 430, 226 N. W. 124. This is also the mandate of the statute. See 1939 Code section 1453. In the case last cited, on page 435 of the Iowa report, page 127 of 226 N. W., we said:

"The Compensation Act contemplates that relief shall be had, not through the courts, or with the aid of lawyers, but through the machinery provided by the act itself. It has been said that the purpose of the legislature in the enactment of the act was 'to create a tribunal to do rough justice, speedy, summary, informal, untechnical;' and if a court in the slightest degree intrenches upon the prerogatives of the commissioner, one encroachment will breed another, until finally simplicity will give way to complexity, and informality to technicality."

It was agreed by the employee, Tebbs, and his employer, the defendant, that the total disability period would be 400 weeks, and that compensation would be paid for that period, or until terminated in accordance with the provisions of the Compensation Act. Code section 1395 provides that "For an injury causing permanent total disability, the employer shall pay the weekly compensation during the period of his disability, not, however, beyond four hundred weeks." The period of Burt Tebbs' disability was terminated by his death, which necessarily

also terminated the obligation of defendant to pay him the weekly compensation provided for in the memorandum of agreement. Any further obligation of the defendant depends, not upon the agreement, but upon other provisions of the Workmen's Compensation statutes. Two of these provisions are paragraphs 4 and 5 of Code section 1392, which state:

"4. When weekly compensation has been paid to an injured employee prior to his death, the compensation to dependents shall run from the date to which compensation was fully paid to such employee, but shall not continue for more than three hundred weeks from the date of the injury.

"5. Where an employee is entitled to compensation under this chapter for an injury received, and death ensues from any cause not resulting from the injury for which he was entitled to the compensation, payments of the unpaid balance for such injury shall cease and all liability therefor shall terminate."

From these statutory provisions it appears that upon the death of an employee disabled by a compensable injury, the liability of his employer to pay further compensation is terminated if (a), he left no dependents, as defined by statute, or (b), his death ensued from any cause not resulting from his compensable injury, even though he may have left such dependents. Whether the death was or was not from a cause resulting from the injury, and whether the deceased left dependents, and who they may be, and the proportion of the compensation which each should receive, are each and all matters of fact to be determined by the Commissioner. The court is not authorized to adjudicate these facts under any provisions of the Workmen's Compensation Act. The appellee contends that the trial court was authorized by Code section 1465 to render the judgment complained of. This section provides:

"Judgment by district court on award. Any party in interest may present a certified copy of an order or decision of the commissioner, or an award of a board of arbitration from which no petition for review has been filed within the time allowed therefor, or a memorandum of agreement approved by the commissioner, and all papers in connection therewith, to the district

court of the county in which the injury occurred, whereupon said court shall render a decree or judgment in accordance therewith and cause the clerk to notify the parties. * * *.''

Assuming, but not deciding, that this section is applicable to a case of this kind, it clearly appears from its provisions that any judgment rendered must be in accordance with, and supported by the matters certified. That is not true of this judgment. It is apparently contrary to the certificate of the attending physician as to the cause of death. Under Code section 2431, a certified copy of such a record of death is ''presumptive evidence in all courts and places of the facts therein stated.''

If such section is applicable in a situation of this kind, any judgment against an employer must be based upon a certified record showing an order, decision, or findings of the Commissioner, that the death resulted from the injury for which compensation had been awarded or agreed upon, specifying the dependents, and an equitable apportionment of the compensation among them. Such findings, order or decision has not been made in this case. It is the right and duty of the Commissioner to make such determination upon application.

A case quite closely in point, which supports our holding, is Sauter v. Cedar Rapids & Iowa City Ry., 204 Iowa 394, 396, 214 N. W. 707. In that case, the plaintiff-employee entered into a memorandum of settlement with his employer and the latter's insurer. The duration of plaintiff's disability was not determined at that time. A controversy having arisen over this matter, the Commissioner ordered him to be examined. The medical examiner reported that there was no disability. After attempting to procure an arbitration, and also a review, the claimant appeared before the district court and procured a judgment in his favor upon the memorandum of settlement. On the employer's motion to set aside the judgment, it was reaffirmed with a modification. In reversing, we said:

''This court finds no provision in the Workmen's Compensation Act which authorizes the lower court to enter judgment against an employer upon a memorandum of settlement which is not in strict accordance with the terms and conditions therein. In the memorandum of settlement in this case, it plainly ap-

pears that the duration of the disability of the claimant was undetermined. It was not then within the province of the lower court to determine whether the disability had ceased or had continued. The lower court could render a decree or judgment only in accordance with the terms of the memorandum of settlement, and those were that the employer should pay $15 per week during the duration only of the disability of the claimant which arose out of and in the course of his employment by the said employer. The period during which such payments were to continue was not for the lower court to determine."

Likewise, in this case, the liability of the defendant under its agreement to pay its employee compensation was ended, and its obligation to make further payments to dependents depended upon matters of fact not covered by the contract. The determination of these facts was the province of the Commissioner, and the court in entering the judgment of October 31, 1940, encroached upon his rights. Neither does this court by this decision attempt to pass upon or determine these facts. This is the task of the Commissioner. Code sections 1457, 1458 and 1466 relied upon by appellee are not applicable. The judgment is reversed.—Reversed.

MILLER, C. J., and STIGER, SAGER, OLIVER, HALE, WENNERSTRUM, and GARFIELD, JJ., concur.