# IN THE COURT OF APPEALS OF IOWA

No. 24-0333
Filed October 30, 2024

**LINNHAVEN, INC., and ACCIDENT FUND NATIONAL INSURANCE COMPANY/UNITED HEARTLAND,**
    Plaintiffs-Appellants,

**vs.**

**ROGER BLASDELL, surviving spouse of HEATHER BLASDELL,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister, Judge.

An employer appeals the district court's denial of its petition for judicial review of the workers' compensation commissioner's decision finding that a surviving spouse's death benefits are not barred by the willful-injury defense of Iowa Code section 85.16(1) (2016). **AFFIRMED.**

Laura J. Ostrander, Lansing, Michigan, for appellants.

Thomas Wertz of Wertz Law Firm, Cedar Rapids, for appellee.

Heard by Greer, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

Tragically, Heather Blasdell died from an overdose of prescription drugs. The workers' compensation commissioner found that the overdose was accidental. So the commissioner awarded her husband, Roger Blasdell, workers' compensation death benefits. But on judicial review, Heather's former employer, Linnhaven, Inc., contends that her death was a suicide.[1] Linnhaven thus argues that the death benefits are barred by the willful-injury defense of Iowa Code section 85.16(1) (2016) and the commissioner's contrary finding is not supported by substantial evidence. And Linnhaven argues that regardless whether the death was accidental, it was not caused by Heather's work injury.

But this second causation issue is not properly before us because it was not decided by the commissioner or the district court. Neither did Linnhaven ever clearly raise the issue before the commissioner. So we cannot consider it now.

Linnhaven's properly preserved challenge to the commissioner's finding that Heather's death was accidental fails on the merits. Such factual disputes are resolved before the commissioner. Because substantial evidence in the agency record supports the commissioner's finding that Heather's death was accidental, the commissioner's decision must be affirmed. We thus affirm the district court's judgment, including its unchallenged order to remand Blasdell's burial-expense claim to be decided by the commissioner.

---

[1] Linnhaven's insurer, Accident Fund National Insurance Company/United Heartland, is also a party to this judicial-review proceeding and the underlying workers' compensation proceeding. For readability, we refer only to Linnhaven. And because Heather and her husband have the same last name, we refer to Heather by her first name and her husband by his last name.

## I.      Factual Background and Proceedings

In November 2012, Heather injured her ankle while working for Linnhaven. She later developed lower-back pain and depression as a result of the injury. And the workers' compensation commissioner thus found that Heather was permanently and totally disabled because of the injury and awarded her workers' compensation benefits.

Heather sought mental-health counseling after the injury. She was diagnosed with a major depressive disorder starting in 2013 and continuing up until August 2015. Multiple counseling records note that Heather had suicidal thoughts several times a week, but she had "no plans" and "no intent" to act on those thoughts.

In September 2016, Heather died at her home alone. An autopsy report by the state medical examiner found the cause of death was a "[m]ixed drug (quetiapine and zolpidem) intoxication." And the manner of death was "undetermined."

Police investigated and concluded based on the evidence at the scene, Heather's previous medical history, and the autopsy report that Heather either had an accidental overdose or a successful suicide attempt. The investigation noted that Heather had a history of suicide attempts, that she would "routinely take excess amounts of her prescription medications to get 'high,'" and that she "and her boyfriend had recently broken up." The police also discovered an undated note in a notebook under a stack of paperwork on Heather's bed that included negative statements about herself, praise for her son, and a request that her friend or mom take care of her "fur babies." The note to her son appears unfinished,

ending in the middle of a line and without a punctuation mark: "You have become a strong very proud of you. I wish I could have [ . . . ]."

Heather's son and a neighbor friend both talked with Heather early on the morning of her death before leaving for work. They both agreed that she appeared "high," but that "this did not alarm them to seek medical attention for her" because of her past history with prescription drugs. The friend "talked to Heather about seeing each other that evening."

From before her workplace injury until her death, Heather and Blasdell were married but separated. So after Heather's death, Blasdell sought death benefits under Iowa Code section 85.31(1)(a)(1) and reimbursement for burial expenses under section 85.28. Linnhaven denied liability, arguing that Blasdell was barred from receiving any benefits under Iowa Code section 85.42(1)(a) because he willfully deserted Heather and under section 85.16(1) because her death was a suicide and thus a willful injury.

A hearing was held before a deputy commissioner, at which all parties agreed the only issues to be decided were: (1) Linnhaven's defense that Blasdell willfully deserted Heather; (2) Linnhaven's defense that the death was a willful injury; (3) the proper rate of compensation; and (4) taxation of costs. Both Heather's son and Blasdell testified that they believed her death was an accidental overdose, not a suicide. Her son—who was living with her—explained that in the days before her death, Heather's "emotional state was really well." And he shared that the night before, she was up "baking cookies and stuff" and "we had plans with my sister to come down." When pressed by Linnhaven, he said he thought that

"she had taken her medicine to go to sleep, and she was unable to fall asleep and didn't know—didn't realize that she had already taken it and took more."

The workers' compensation commissioner agreed with Linnhaven that Blasdell willfully deserted Heather. So the commissioner denied Blasdell benefits under Iowa Code section 85.42(1)(a). And the commissioner did not decide whether Heather's death was accidental or a suicide.

Blasdell then successfully petitioned for judicial review. The district court reversed the commissioner's decision that Blasdell deserted Heather and remanded the case back to the commissioner to decide whether Linnhaven had proved that Heather's death was a willful injury. And on appeal, our supreme court agreed "with the district court that there is not substantial evidence to support the commissioner's finding that [Blasdell] deserted Heather without fault by her." *Blasdell v. Linnhaven, Inc.*, 989 N.W.2d 131, 140–41 (Iowa 2023). It likewise agreed that because the commissioner "did not address Linnhaven's claim that the willful injury exception under Iowa Code section 85.16 bars [Blasdell's] recovery of the benefits," "remand is appropriate for the commissioner to make the factual findings necessary to decide this issue." *Id.* at 141.

Two months after procedendo issued, formally concluding the appeal, the workers' compensation commissioner issued a remand decision. Based on the evidence and briefing submitted prior to the first judicial-review proceeding, the commissioner found that Linnhaven "failed to carry [its] burden of proof that Heather's death was a suicide under Iowa Code section 85.16(1)." The commissioner acknowledged the counseling records stating Heather's "'moderate' risk for suicide" and the undated note that "could be construed to be a suicide

note." But it did not find this evidence persuasive because "there is no evidence if [the note] was written the day before death, or written months or even years prior to death" and because of the other contrary or missing evidence. The commissioner reasoned:

> No expert has opined that Heather committed suicide. The police investigation indicates Heather's death was caused by an accidental overdose or suicide. The autopsy report found that the cause of death was undetermined. The death certificate also found that the cause of death was undetermined. The police report noted that [her son] and a friend believed Heather took excessive amounts of medication to get high. [Her son and Blasdell] both testified at hearing they believed that Heather's death was an accidental overdose.

And so, the commissioner ruled that Blasdell's claim for benefits was not barred under Iowa Code section 85.16(1)(a) and he was entitled to death benefits. The commissioner also found that Linnhaven had not proved that the rate of benefits should be changed from the agreed-to rate from Heather's original award and thus ordered Linnhaven to pay death benefits of $408.46 per week to Blasdell for so long as he is eligible under Iowa Code section 85.31(1)(a)(1).

Blasdell petitioned for rehearing, asking the commissioner to decide his claim for burial expenses that was not addressed in the remand decision. Linnhaven resisted the petition, arguing that the issue was not properly before the commissioner on remand. But Linnhaven did not file its own rehearing petition asking the commissioner to address any other issues. The commissioner did not grant Blasdell's petition within twenty days, so it was "deemed to have been denied." Iowa Code § 17A.16(2).

Linnhaven then petitioned for judicial review of the commissioner's remand decision under Iowa Code chapter 17A. The one-page petition stated a single

ground for reversal: "that substantial evidence supports none of the Commissioner's findings with regard to any of the issues Defendants raised in the appeal." In its briefing to the district court, Linnhaven clarified that the "sole issue" was whether the court "should reverse the Commissioner's Appeal Decision that found Roger Blasdell entitled to death benefits despite the Claimant's intentional suicide and the affirmative defense of intentional injury raised by the Defendants pursuant to Iowa Code section 85.16(1)." But rather than arguing why substantial evidence does not support the commissioner's finding that Heather's death was accidental, it focused nearly all its briefing on a new argument. Linnhaven contended that under the statute authorizing death benefits, Iowa Code section 85.31(1)(a), "no benefits may be awarded" because Heather's "death, regardless of whether an intentional suicide or accidental overdose, did not arise out of or in the course of employment." Blasdell cross-petitioned for review of the commissioner's ruling, arguing that the commissioner's failure to award burial expenses was "affected by errors of law, is not supported by substantial evidence in the record, and is unreasonable, arbitrary or capricious or characterized by an abuse of discretion[] or unwarranted exercise of discretion."

The district court denied Linnhaven's petition, holding that the commissioner's decision that Linnhaven failed to prove its willful-injury defense was "supported by substantial evidence." The court reasoned that "[w]hile Linnhaven certainly can point to facts in the record that support a suspicion that Heather's death was a suicide, they simply have not conclusively proven that to be the case" because "[t]here are likewise facts in the record that support a finding that Heather's death was the result of a tragic accidental drug overdose and not a

suicide." The district court did not address Linnhaven's newfound claim that benefits should have been denied because Heather's death was not caused by her employment. On Blasdell's cross-petition, the court concluded that Blasdell made a timely request for burial expenses but "for reasons that are unclear in the record, the agency never acted on [his] request." So the court decided "remand is appropriate for the Commissioner to consider and rule on [Blasdell's] request for burial expenses."

Neither party moved under Iowa Rule of Civil Procedure 1.904 for the district court to reconsider or enlarge its ruling. Instead, Linnhaven appealed, challenging only the court's ruling on its willful-injury defense to Blasdell's death benefits.

## II.     Error Preservation on Causation

In a judicial-review proceeding under chapter 17A, we may only consider issues that have been raised in and decided by *both* the agency and the district court. *See Archer Daniels Midland v. Williams*, 3 N.W.3d 231, 236 (Iowa Ct. App. 2023); *Hill v. Fleetguard, Inc.*, 705 N.W.2d 665, 670–71 (Iowa 2005). Because a judicial-review proceeding is appellate in nature, a party cannot wait to raise an issue "for the first time during judicial review." *Williams*, 3 N.W.3d at 236. And even when the party raises the issue before the agency, if the agency fails to decide it, the party must "point out the issue in a motion for rehearing" before the agency to preserve error on the issue. *KFC Corp. v. Iowa Dep't of Revenue*, 792 N.W.2d 308, 329 (Iowa 2010). The same is true in the district court. To preserve error for our review—in a judicial-review proceeding, same as any other—a party must request a ruling by filing a motion under Iowa Rule of Civil Procedure 1.904

"when the district court fails to resolve an issue, claim or other legal theory properly submitted for adjudication." *Hill*, 705 N.W.2d at 671 (cleaned up).

Linnhaven devotes much of its briefing to arguing that the death-benefits award must be reversed regardless of whether Heather's death was accidental or a suicide because Blasdell did not prove that it was causally related to injuries arising out of and in the course of her employment. *See* Iowa Code § 85.31(1)(a); *Tebbs v. Denmark Light & Tel. Corp.*, 300 N.W. 328, 331 (Iowa 1941). But Linnhaven failed to preserve error on this issue twice over. First, Linnhaven did not raise this issue for the commissioner to decide. The closest it came—a stray sentence buried in briefing in an argument that Heather's death was a suicide and thus proved Linnhaven's willful-injury affirmative defense—does not suffice to raise this distinct issue based on a different statute and a different burden than the willful-injury affirmative defense.[2] And even if that mere hint were enough to raise the issue, when the commissioner did not decide it, Linnhaven needed to seek rehearing to preserve error. *See KFC Corp.*, 792 N.W.2d at 329; *Williams*, 3 N.W.3d at 236.

Second, Linnhaven did not preserve error in the district court because it did not get a ruling on this issue there either. *See Hill*, 705 N.W.2d at 670–71. Linnhaven did *make* this new causation argument in the district court—for the first

---

[2] Three of Linnhaven's briefs before the commissioner prior to the first judicial-review proceeding contain the same stray sentence and factual citation in its argument about the facts supporting a suicide finding and its willful-injury affirmative defense: "In addition, Mr. Blasdell has provided no evidence that Ms. Blasdell's suicide was caused by the initial November 5, 2012 work injury to her ankle. *See* all Claimant's exhibits on file herein." Linnhaven did not explain the importance of this assertion nor tie it to any statutory requirement.

time offering some legal authority and analysis. But the court decided only the properly preserved substantial-evidence challenge to the commissioner's finding that Heather's death was accidental and did not address or acknowledge Linnhaven's causation argument. Because the court did not rule on it, Linnhaven had to file a 1.904 motion asking the court to enlarge its ruling to address the causation argument. *See id.* So even if we could overlook Linnhaven's failure to preserve error before the commissioner, we still could not consider this new argument for the first time on appeal.

At oral argument, Linnhaven urged that we can nevertheless reach this issue because Blasdell did not raise any error-preservation concerns. But the requirement to preserve error protects more "than simply the interests of the opposing party." *Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000). That is especially so in a judicial-review proceeding, which involves not just "judicial resources," but the interests of another branch of government that we afford respect. *Id.* So we must consider whether error is preserved even when it has been ignored—or conceded—by the opposing party on appeal. *See id.* We thus consider only Linnhaven's properly preserved substantial-evidence challenge to the commissioner's decision.

### III. Affirmative Defense of Willful Injury under Section 85.16(1)

In an appeal of a district court's ruling on judicial review of agency action, we apply the same statutory standards of review of the agency action as the district court. *See Carreras v. Iowa Dep't of Transp.*, 977 N.W.2d 438, 444 (Iowa 2022). Those standards provide that a court "shall reverse, modify, or grant other appropriate relief" of an agency decision when that decision prejudices the judicial-

review petitioner's "substantial rights" because the decision is "[b]ased upon a determination of fact clearly vested by a provision of law in the discretion of the agency that is not supported by substantial evidence in the record before the court when that record is viewed as a whole." Iowa Code § 17A.19(10)(f). The workers' compensation commissioner has been vested with discretion to make fact determinations on compensation claims like this one. *See Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014). We thus must "accept the commissioner's factual findings when supported by substantial evidence." *Williams*, 3 N.W.3d at 234 (cleaned up).

Evidence is substantial if it "would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). "Evidence is not insubstantial just because it could lead reasonable minds to different conclusions." *Williams*, 3 N.W.3d at 234; *see also Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009). The commissioner, as trier of fact, decides the credibility of the witnesses, assesses the evidence, and resolves the disputed facts. *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394–95 (Iowa 2007). And so, like challenging a jury verdict, a substantial-evidence challenge to the commissioner's decision is a heavy lift. *See Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995) (explaining that because judicial review of agency action is "severely circumscribed," "[n]early all disputes are won or lost" in the agency).

Linnhaven argues that substantial evidence in the record does not support the commissioner's finding that Heather's death was accidental. And it thus seeks

reversal of the commissioner's decision that Linnhaven failed to prove its willful-injury affirmative defense under Iowa Code section 85.16(1). That statute provides that "[n]o compensation . . . shall be allowed for an injury caused . . . [b]y the employee's willful intent to injure the employee's self." Iowa Code § 85.16(1). As an affirmative defense, Linnhaven had the burden of proving it. *See Nelson v. Cities Serv. Oil Co.*, 146 N.W.2d 261, 264 (Iowa 1966). Before the commissioner, Linnhaven tried to meet its burden by proving that Heather's death was a suicide.[3]

No doubt, there is evidence in the record from which a reasonable mind could reach the conclusion Linnhaven urged. Medical records showed that Heather reported suicidal thoughts and was a moderate suicide risk. She may have previously attempted suicide. She and her boyfriend had recently broken up. And a note was found at her home that reads like a suicide note. But that is not the question here. *See Williams*, 3 N.W.3d at 234. On substantial-evidence review, we ask whether substantial evidence supported the findings made by the commissioner—not whether they could support a contrary finding. *See id.*

And we agree with the district court that substantial evidence supports the commissioner's finding that Heather's death was an accident. The potential suicide note was found in a notebook under a stack of papers on Heather's bed—not right next to her. It was undated. And it was unfinished. So the commissioner could have reasonably found it merely showed Heather had been thinking about

---

[3] The supreme court has held that even some suicides are compensable injuries not disallowed by the willful-injury defense. *See Humboldt Cmty. Schs. v. Fleming*, 603 N.W.2d 759, 762–63 (Iowa 1999). But Blasdell has never argued—and the commissioner did not find—that Heather's death was a suicide. So we do not consider whether Heather's death could be a compensable injury even if it were a suicide.

suicide at some point in the past—not that she intended to do so when she overdosed. Heather's son testified that she had been doing "really well" in the days before her death. And both he and another friend who spoke with her the morning she died shared that they were making plans and indeed that Heather had baked cookies just the night before. What's more, neither the medical examiner nor the police investigation concluded that Heather's death was a suicide.

With evidence pointing in both directions, we cannot say that the record lacked substantial evidence to support the commissioner's conclusion that Linnhaven failed to prove its willful-injury affirmative defense. We thus affirm the decisions of the commissioner and the district court.

Linnhaven did not appeal the district court's order remanding the case to the commissioner only "to consider and rule on [Blasdell's] request for burial expenses." So our affirmance of the challenged ruling does not disturb the district court's order remanding to the commissioner for that purpose.

**AFFIRMED**.